Matter of James v Home Comfort Assistance, Inc. (2020 NY Slip Op 00653)





Matter of James v Home Comfort Assistance, Inc.


2020 NY Slip Op 00653


Decided on January 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 30, 2020

528584

[*1]In the Matter of the Claim of Christina James, Claimant,
v
Home Comfort Assistance, Inc., Appellant, et al., Respondent. Workers' Compensation Board, Respondent.

Calendar Date: January 8, 2020

Before: Egan Jr., J.P., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.


Constantino & Constantino, LLP, Copiague (Joseph A. Constantino of counsel), for appellant.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for Workers' Compensation Board, respondent.



Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed August 10, 2018, which ruled, among other things, that Home Comfort Assistance, Inc. failed to comply with 12 NYCRR 300.13 (b) (1) and denied review of a decision of the Workers' Compensation Law Judge.
Claimant, a health care attendant, filed a claim for workers' compensation benefits after she broke her left ankle while taking out the trash at work. Following hearings, the Workers' Compensation Law Judge (hereinafter WCLJ) found that, among other things, an employer-employee relationship existed between claimant and Home Comfort Assistance, Inc. and established the claim for a work-related injury. Thereafter, counsel for Home Comfort submitted an application for review by the Workers' Compensation Board using form RB-89. The Board, by decision filed August 10, 2018, denied the application for review, finding that it was not filled out completely as required by 12 NYCRR 300.13 (b) (1) because the response to question number 12 on the application — "Basis for Appeal" — stated, "See attached Basis for Appeal pages 1-5." Home Comfort appeals.[FN1]
Home Comfort contends that the Board improperly failed to consider the substantive issues raised in the application for Board review based upon Home Comfort's failure to comply with the regulation governing the content of such application. We disagree. "[T]he Board 'may adopt reasonable rules consistent with and supplemental to the provisions of [the Workers' Compensation Law],' and the Chair of the Board 'may make reasonable regulations consistent with the provisions of [the Workers' Compensation Law]'" (Matter of Johnson v All Town Cent. Transp. Corp., 165 AD3d 1574, 1574 [2018], quoting Workers' Compensation Law § 117 [1]; accord Matter of Luckenbaugh v Glens Falls Hosp., 176 AD3d 1281, 1282 [2019]; Matter of Perry v Main Bros Oil Co., 174 AD3d 1257, 1258 [2019]). Where, as here, a party is represented by counsel, 12 NYCRR 300.13 (b) (1) provides that "an application to the [B]oard for administrative review of a decision by a [WCLJ] shall be in the format as prescribed by the [C]hair [of the Board]" and that application "must be filled out completely" (see Matter of Luckenbaugh v Glens Falls Hosp., 176 AD3d 1281 at 1282; Matter of Perry v Main Bros Oil Co., 174 AD3d at 1258). As to the completion of a form RB-89 application for Board review pursuant to 12 NYCRR 300.13 (b) (1), the Chair of the Board, in April 2017, issued Subject No. 046—940 which, as is relevant here, explained that the application "is not 'filled out completely' when a party responds to sections or items on the form merely by referring to the attached legal brief or other documentation without further explanation" (see Matter of McCorry v BOCES of Clinton, Essex, Warren & Washington Counties, 175 AD3d 1754, 1755 [2019]; Matter of Swiech v City of Lackawanna, 174 AD3d 1001, 1005 [2019]; Matter of Perry v Main Bros Oil Co., 174 AD3d at 1258).
Home Comfort's form RB-89 application was not filled out completely, as it merely responded to question number 12 on that application with "See attached Basis for Appeal pages 1-5," without further explanation. Inasmuch as the application was incomplete, we find that the Board acted within its discretionary authority, and its decision not to consider the application for review will not be disturbed (see 12 NYCRR 300.13 [b] [1], [4]; Matter of Perry v Main Bros Oil Co., 174 AD3d at 1259-1260; Matter of Presida v Health Quest Sys., Inc., 174 AD3d 1196, 1198 [2019]; Matter of Swiech v City of Lackawanna, 174 AD3d at 1005). We are unpersuaded that Matter of Johnson v All Town Cent. Transp. Corp. (165 AD3d at 1574-1575) is either analogous or warrants a contrary finding here. In view of the foregoing, the merits of the WCLJ's underlying decision are not properly before us (see Matter of Fuller-Astarita v ABA Transp. Holding Co., 176 AD3d 1530, 1531 [2019]).
Egan Jr., J.P., Lynch, Clark and Aarons, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: While this appeal was pending in this Court, the Board, pursuant to Workers' Compensation Law §§ 123 and 142, amended the August 10, 2018 decision. Inasmuch as the amended decision is substantially the same as the original decision, and there being no claim of prejudice, we will exercise our discretion and treat this as a valid appeal from the amended decision (see, e.g. Matter of Kucuk v Hickey Freeman Co., Inc., 78 AD3d 1259, 1259 n 1 [2010]).